Timothy J. Feulner
4117 S. Hatch
Spokane, WA 99203
509-209-7928

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 18 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

United States District Court
Eastern District of Washington

| | |
|---|---|
| Timothy J. Feulner<br><br>        Plaintiff,<br><br>  vs.<br><br>AAA Credit Service Collection Agency,<br>Inc., Pam Hart, Andrew Gomez,<br><br>        Defendants | Case Number:<br>**CV-10-0266-LRS**<br><br>PLAINTIFF'S COMPLAINT<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

### I.  General Allegations

Plaintiff alleges:

    1.  The District Court has jurisdiction under 28 U.S.C. § 1331.

    2.  This District Court has venue under 28 U.S.C. § 1391 because a substantial amount of the events giving rise to the claim took place in Spokane County, Washington.

    3.  Defendant, AAA Credit Service Collection Agency, Inc. (hereinafter AAA) is a corporation incorporated under the laws of California with its principal place of business in California.

4. At all times relevant to this complaint, Defendant Pam Hart was the Office Manager of AAA.

5. At all times relevant to this complaint, Defendant Andrew Gomez was an employee of AAA.

6. Plaintiff is a resident of Washington State. At all times relevant to this complaint, Plaintiff was residing in Spokane, Washington.

7. Around May 23, 2010, an individual identifying herself as an employee of AAA called Plaintiff's residence.

8. On May 25, 2010, Defendant Pam Hart sent Plaintiff a letter claiming that an account from "InTouch Wireless" had been assigned for immediate collection. This letter was addressed to "Timothy Feulner" and "Nuria Perez" at "4117 S. Hatch St; Spokane, WA 99203." *See* Exhibit A, Letter from AAA Credit Service Collection Agency dated May 25, 2010.

9. Attached to this letter was a contract that was allegedly from "InTouch Wireless" and which allegedly bore the Plaintiff's signature along with the signature of Nuria Perez. This contract was not dated. Attached as Exhibit B is an authentic copy of the document that Plaintiff received around May 25, 2010. The numbers at the bottom of the contract are a phone number for Intouch Wireless, and these numbers were added by Plaintiff.

10.  Plaintiff had never seen a copy of this contract until he received it in the mail with the letter dated May 25, 2010.  The signature on this document is not the Plaintiff's signature.  Plaintiff has never had a wireless contract with InTouch Wireless or T-Mobile.

11.  Defendant AAA purchased this alleged debt at a discounted rate from T-Mobile with the belief that the debt was unlikely to be legally enforceable. Defendant AAA bought this debt with the intention of attempting to intimidate Plaintiff into paying the debt even though Defendant AAA knew that it was likely not Plaintiff's debt.  Defendant AAA did not purchase this debt in good faith but with the goal of intimidating Plaintiff into paying the debt that was not his debt.

12.  Plaintiff has never known a Nuria Perez.  Plaintiff's parents, Susan and Bob Feulner, have lived at 4117 S. Hatch St., Spokane, WA 99203 since 1979. From 1979 to 2010, no individual named Nuria Perez has resided even temporarily at 4117 S. Hatch St.  To the best of Plaintiff's knowledge, no Nuria Perez has ever entered the house at 4117 S. Hatch St., Spokane, WA 99203.

13.  Because the contract was not dated Plaintiff has no way to determine in which city Plaintiff resided at the time that this document was signed.

14.  The contract does not have a location so Plaintiff has no way to determine in which city the document was signed.

15.  The contract does state that two individuals were issued phone numbers with the area code 415.  The area code 415 is the telephonic area code for San Francisco, California.  If the contract was signed in California, Plaintiff was unlikely to have been physically present in California at the time of the contract because Plaintiff has not entered the state of California at least since August of 2008.  From May 2008-August 2009, Plaintiff resided and worked in Spokane, Washington.  From August 2009-May 2010, Plaintiff resided in Washington, D.C. while attending Georgetown Law School.  In May 2010, Plaintiff returned to Spokane and has resided in Spokane at all times relevant to these claims.

16.  After receiving the letter dated May 25, 2010, Plaintiff attempted to contact AAA Credit Service Collection Agency to notify AAA that Plaintiff was not the person responsible for the debt.  Plaintiff was told that Defendant Pam Hart was the only person that could help him and that Pam Hart would have to contact him via email so Plaintiff gave AAA his personal email address.

17.  On June 2, 2010, Plaintiff received a fraud package from an email account identifying herself as Pam Hart requesting among other things Plaintiff's social security number.

18.  On June 2, 2010, Plaintiff responded to Pam Hart's email by saying that he disputed the validity of the debt pursuant to section 803(a)(4) of the Fair Debt Collections Practices Act, which has been codified as 15 U.S.C. 1692g.  Plaintiff

also notified Pam Hart that he had not been physically in California since at least

2008.  Finally, Plaintiff requested that Defendants cease communicating with him

in pursuant to section 805(c) of the Fair Debt Collection Practices Act, which has

been codified as 15 U.S.C. 1692c(c).

19.  After Plaintiff notified Defendants that he disputed the validity of the

debt, Defendants did not cease collection of the debt, obtain a copy of the

verification of the debt, or obtain a copy of a judgment concerning the debt.

Defendants' failure to do so violated 15 U.S.C. § 1692g.

20.  On June 25, 2010, Plaintiff received a letter from AAA notifying him

that if he did not pay his account by 06/29/2010 that AAA would report him to a

credit reporting agency and that this would "go against his credit."  See Exhibit C,

Letter from AAA Credit Service Collection Agency dated June 22, 2010.  Exhibit

C is an authentic copy of the letter received by the Plaintiff except for the

handwritten notes at the bottom of the letter, which are the Plaintiff's.

21.  On June 25, 2010, Plaintiff attempted to contact AAA again.  Plaintiff

spoke to Defendant Andrew Gomez.  At the beginning of the conversation,

Plaintiff was informed by Defendant Gomez that the conversation would be

recorded for purposes of quality control.  Plaintiff reiterated to Defendant Gomez

that he was not responsible for this loan and had not been in California since at

least 2008.  Defendant Gomez claimed that he knew that Plaintiff had signed the

contract because the individual had used Plaintiff's license when buying the phone. Defendant Gomez asked Plaintiff if he had ever lost his license. Plaintiff told Defendant Gomez that to the best of his knowledge he had never lost his driver's license because Plaintiff believed at the time and still believes that he has never lost his driver's license. Defendant Gomez then responded by telling Plaintiff that AAA now had an audio recording admitting that Plaintiff had never lost his license and that such proof indicated that Plaintiff was legally responsible for this loan.

22. Defendant Gomez's statement that Plaintiff's indication that he had never lost his license would provide AAA with proof that the debt was the Plaintiff's was false and misleading. Defendant Gomez's statement and use of recording a phone conversation in an attempt to intimidate Plaintiff to pay a debt that he was not responsible for was an unconscionable and unfair means of collecting a debt and was undertaken in bad faith.

23. Defendant Gomez's statement that he intended to use the recording for purposes other than quality control was a violation of Washington State's criminal laws. *See* Wash. Rev. Code § 9.73.030. Although an individual can consent to recording a call, Defendant Gomez obtained Plaintiff's consent by indicating that the call would be used for purposes of quality control and exceeded Plaintiff's consent by attempting to use the call to intimidate the Plaintiff.

24. Defendant Gomez's attempt to intimidate and use Plaintiff's words to imply that he was legally responsible for the debt caused Plaintiff to cease all communication with AAA.

25. This conversation caused Plaintiff to suffer emotional distress. Plaintiff immediately placed a phone call to Susan Feulner in a state of emotional distress because of the prospect that AAA's threatened action would affect his ability to obtain loans for his law school. Plaintiff has continued to suffer emotional distress and has had to devote over four months trying to deal with Defendants' attempts to collect a debt that Defendants know is not Plaintiff's debt.

26. On June 25, 2010, Plaintiff filed a police report with the Spokane County Police Department indicating that Plaintiff believed he had been a victim of identity theft. Plaintiff's report was assigned police report # 10203586.

27. On June 25, 2010, Plaintiff filed a report with the Federal Trade Commission indicating that a credit collection agency was attempting to collect on a loan that the collection agency knew was not his and that Plaintiff had asked the collection agency to stop contacting him. Plaintiff's report was assigned # 26851917.

28. On June 25, 2010, Plaintiff sent an email to the Washington State Department of Licensing requesting assistance because Plaintiff believed that someone had fraudulently obtained his driver's license information.

29.  On June 29, 2010, Plaintiff spoke to Sue Clovis, an Investigator for the Washington State Department of Licensing.  Sue informed Plaintiff that there had been no fraudulent activity or suspicious activity on Plaintiff's license.

30.  On July 6, 2010, Plaintiff requested a credit report from Experian.  The credit report indicated that AAA had not reported the alleged outstanding loan to the credit reporting agency.  Defendants' statements that they were going to report the debt to a credit collection agency on June 29, 2010, unless Plaintiff paid the debt were knowingly false.  These statements were an unfair and unconscionable attempt to collect a debt.  Defendants, in fact, do not have Plaintiff's social security number and thus are unable to report any information to a credit reporting agency.

31.  On July 28, 2010, Susan Feulner took a call from Pam Hart requesting that Plaintiff contact him immediately.

32.  On August 17, 2010, Pam Hart left a message on Susan and Robert Feulner's answering machine requesting that Plaintiff contact her immediately.

33. On August 12, 2010, Pam Hart sent Plaintiff three emails.  One email indicated that if Plaintiff did not pay the debt immediately that AAA would authorize their attorney to "institute suit and/or legal action to recover your debt."  The second email asked for information including Plaintiff's social security number to determine the fraud status of the account.  Defendants attempt to gain Plaintiff's social security number was for the sole purpose of being able to report

the alleged debt to a collection agency. The third letter indicated that the debt had not been reported to a credit agency but would be reported if not paid on August 24, 2010. *See* Exhibit D, Letter dated August 17, 2010 re: Final Notice; Exhibit E, Letter dated August 17, 2010 re: credit report.

## II.  Count I- Failure to Cease Communication

1.  Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-33 above.

2.  Defendants continued to communicate and attempt to communicate with Plaintiff through phone calls, letters, and emails after Plaintiff requested that they cease communication on June 2, 2010.

3.  Defendants communications were not attempts to notify him that AAA were invoking a specific remedy or ceasing collection actions.

4.  Any communications that were alleged attempts to notify him that AAA was invoking a specific remedy were false representations because AAA never pursued or intended to pursue that remedy.

5.  Defendants actions were not undertaken in good faith and violated 15 U.S.C. 1692c.

### III.  Count II- Attempts to Harass

1.  Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-33 above.

2.  Defendants repeated calls and multiple notices that they were notifying a collection agency were intended to harass the Plaintiff in an attempt to collect on a debt that Defendants knew was not Plaintiff's.

3.  Defendants attempts to harass were violations of 15 U.S.C. 1692d

### IV. Count III- False and Misleading Representations

1.  Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-33 above.

2.  Defendants failure to provide Plaintiff with a contract that contained a date or a location was an attempt to get Plaintiff to pay for a debt that was not legally enforceable and for which Plaintiff was not responsible.

3.  Defendants assertion that Plaintiff used his driver's license when signing the alleged debt and that the Defendants had a copy of Plaintiff's driver's license was a false and misleading representation in an attempt to collect a debt.

4.  Defendant Gomez's assertion that Plaintiff's statements on a recorded telephone call provided AAA with definitive proof that Plaintiff was legally responsible for the debt was a false and misleading attempt to collect a debt.

5.  Defendants false and misleading representations were violations of 15 U.S.C. § 1692e.

## V.  Count IV- Unfair and Unconscionable Practices

1.  Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-33 above.

2.  Defendants notification of the debt failed to provide a debt or location for the alleged contract.  This failure prevented Plaintiff from determining where he was at the time of the alleged debt and from effectively disputing the debt.

3.  Defendant Gomez's assertion that Plaintiff's statements on a recorded telephone call provided AAA with definitive proof that Plaintiff was legally responsible for the debt was an unfair and unconscionable practice used in an attempt to collect a debt.

4.  Defendants purchase of the alleged debt from T-Mobile in the hopes of intimidating Plaintiff into paying for a debt that was not his was an unfair and unconscionable practice.

5.  Defendants unfair and unconscionable actions in an attempt to collect the alleged debt violated 15 U.S.C. 1692f.

## VI.  Count V- Violations of Washington State Law

1.  Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-33 above.

2.  Defendants' initial notification was inadequate under Washington State law because it failed to provide an itemization of the claim as required by Wash. Rev. Code § 19.16.250(8)(c).

3.  Defendants letter dated June 22, 2010, violated Wash. Rev. Code § 19.16.250(10) by threatening Plaintiff with the impairment of his credit ration.

4.  Defendants' attempts to harass and intimidate Plaintiff into paying a debt for which he was not responsible violated Wash. Rev. Code § 19.16.250(12).

## III. Damages

1.  Plaintiff requests $10,000 in compensatory damages from each Defendant in compensation for any emotional trauma, time wasted on dealing with Defendants' frivolous accusations, and other potential future effects on Plaintiff's credit that Defendants' actions have caused.

2.  Plaintiff requests $1,000 in statutory damages under 15 U.S.C. 1692k from each Defendant.

3.  Plaintiff requests $3,000 in statutory damages under Wash. Rev. Code § 19.16.250.

3.  Plaintiff requests $5,000 in punitive damages from Defendants Pam Hart and Andrew Gomez.

4. Plaintiff requests $50,000 in punitive damages from Defendant AAA Credit Service Collection Agency, Inc.

5. Plaintiff requests a declaratory judgment stating that the Plaintiff is not legally responsible for this debt.

6. Plaintiff requests a declaratory judgment stating that Defendants violated Wash. Rev. Code § 9.73.030 recording a phone call for purposes other than those consented to by Plaintiff.

7. Plaintiff requests his legal costs including his filing fee and other reasonable legal costs.

8. Plaintiff requests any other relief that the Court determines is equitable and just.

### Demand for a Jury Trial

Plaintiff demands a jury trial.

Respectfully Submitted,

Signature: _Tim Feulner_

Date:    18 August, 2010

# Exhibit A

# AAA CREDIT SERVICE COLLECTION AGENCY

520 N. Brookhurst Street, Suite 204
Anaheim, California  92801

Telephone:  (714) 956-7173
Email: Pam@aaacollectionagency.com

TIMOTHY FEULNER
NURIA PEREZ
4117 S HATCH ST
SPOKANE, WA  99203

May 25, 2010

| | |
|---|---|
| ACCOUNT # : | **201005001048** |
| PRINCIPAL : | $800.00 |
| INTEREST : | $26.67 |
| BALANCE DUE : | $826.67 |

ORIGINAL CREDITOR: **INTOUCH WIRELESS INC**

## YOU ARE ADVISED THAT THE ABOVE ACCOUNT HAS BEEN ASSIGNED FOR IMMEDIATE COLLECTION

TO AVOID ATTEMPTS AT FURTHER COLLECTION.
THE BALANCE IN FULL MUST BE RECEIVED BY 05/28/10.
PLEASE MAKE YOUR PAYMENT PAYABLE TO **AAA CREDIT SERVICE.**

AAA Credit Service   520 N. Brookhurst, Suite #204   Anaheim, CA  92801

**THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY.
PLEASE SEE ENCLOSED INFORMATION PROVIDED BY ORIGINAL CREDITOR.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Federal law requires that we inform you that this is an attempt to collect a debt.  Any information obtained will be used for that purpose.  The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other that your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

BY:   **Pam Hart
Office Manager   (714) 956-1100**

15

**Exhibit B**



| PRINT CLEARLY | | |
| --- | --- | --- |
| **Customer Name** (as on service contract) | **Guarantor Name** (as on Credit Card if different form customer name) | |
| TIMOHY FEYNER | NVIRA PEREZ | |

| | **Mobile Number** | **Phone Model** | **IMEI** | **Rate Plan** |
| --- | --- | --- | --- | --- |
| 1 | 415 707 9289 | SE ERVINIX | 35697905 2557101 | FT VNL |
| 2 | 415 465 0852 | SE ERVINIX | 3569 7905 2558756 | FT VNL |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

## Wireless Service Agreement

I agree to act as the guarantor of the following:

a) Each "Post paid Mobile Number" with T-Mobile named as "Carrier", shall remain active a minimum of 121 consecutive days & each "Flex Pay Mobile number" with T-Mobile as "Carrier", shall remain active a minimum of 91 consecutive days from the date of this agreement. Service can not be cancelled or suspended during this period.

b) Customer and guarantor warrant that the customer listed above has/ have not cancelled or suspended any service with "Carrier" within 121 days prior to this agreement. I /We personally guarantee that the customer(s) listed above shall not cancel or suspend any existing service, change mobile number or change rate plan with "Carrier" for 121 days from the date of this agreement for a Post paid mobile number & 91 days for a Flex pay mobile number

c) In the event either of "a" or "b" shall be violated or breached, Intouch Wireless shall sustain a loss of at least two hundred ($200.00) dollars as a result on the given discount on the handset and/or additional costs resulting as a result of activation/deactivation, processing charges and administrative fees. I will immediately reimburse Intouch Wireless in the event of such violation or breach, the sum of two hundred ($200.00) dollars. I authorize Intouch Wireless to charge my credit card/ debit card any amounts that become due under this contract. This agreement will act as my signed receipt in the amount of $200 per mobile number activated, to be utilized only in the event that amounts become due pursuant to conditions above. In the event that Intouch Wireless has to proceed with the legal alternatives to enforce this agreement, I agree to pay any collection fees and or court cost expended by Intouch Wireless.

d) This Equipment agreement and any fees described in this agreement are imposed by Intouch Wireless of Columbus Circle, LLC and not T-Mobile. The Equipment fees charged by Intouch Wireless of Columbus Circle, LLC are in addition to the fees that T-Mobile may charge for cancelling your T-Mobile wireless service prior to completing the full T-Mobile Wireless Service Agreement term.

e) **Refund Policy: No refunds after 14 days.** Phones may be exchanged within 14 days from the date of purchase period. Returns and exchanges must be in new condition and include all original packaging and paperwork. Restocking fee may apply. Returns/exchanges without phone, battery, home charger, hands free kit, owner's manual, phone box and original receipts will not be accepted.

## Wireless Customer Guarantee

I choose the following method of payment for securing this contract:
I authorize Intouch Wireless to charge my credit card/ debit card any amounts that become due under this contract. This agreement will act as my signed receipt in the amount of $200 per mobile number activated, to be utilized only in the event that amounts become due pursuant to conditions above.

| **Customer Signature** | **Date** / / | **Guarantor Signature** X | **Date** / / |
| --- | --- | --- | --- |

This is the entire agreement between all parties and is not subject to oral or written modifications.

CVV # 942 **Customer's Initials**

05 1747 4281

12/10

NURIA PEREZ
Imprint Credit Card/Debit Card Here
American Express/MasterCard/Visa/Other

914-513-
0097

5406 1747 4281

12/10

NURIA PEREZ
50 DOLLARS

# Exhibit C

# AAA CREDIT SERVICE COLLECTION AGENCY

520 N. Brookhurst Street, Suite 204                    Telephone: (714) 956-7173
Anaheim, California 92801                    Email: Pam@aaacollectionagency.com

TIMOTHY FEULNER                                                June 22, 2010
NURIA PEREZ
4117 S HATCH ST                          **ACCOUNT # :** **201005001048**
SPOKANE, WA 99203                          PRINCIPAL : $800.00
                                           INTEREST : $33.33
                                           BALANCE DUE : $833.33

ORIGINAL CREDITOR: **INTOUCH WIRELESS INC**

This letter is to inform you that the above-mentioned account, if not paid by 5:00 p.m. on 06/29/10, will go against your credit.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record will be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

To prevent this action, please remit the balance in full at once. Many people consider good credit their most valuable asset. To preserve your good credit record for the future, this balance should be paid immediately. Please make your payment payable to AAA Credit Service.

Federal law requires that we inform you that this is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Police 10203586
reporte

**Pam Hart**
**Office Manager    (714) 956-1100**                    FTC: 26851917

# Exhibit D

# AAA CREDIT SERVICE

520 N. Brookhurst, #204
Anaheim, CA 92801
(714) 956-7173

August 17,2010

TIMOTHY FEULNER
NURIA PEREZ
4117 S HATCH ST
SPOKANE, WA 99203

| | |
|---|---|
| Account #: | 2010-05-001048 |
| Principal: | $800.00 |
| Interest: | $46.67 |
| **Total Due:** | **$846.67** |

**Creditor:**    Intouch Wireless Inc

# Final Notice

## UNLESS YOU HAVE YOUR REMITTANCE IN THIS OFFICE IMMEDIATELY FOR PAYMENT OF SAID CLAIM, WE WILL AUTHORIZE OUR ATTORNEY, IF DEEMED APPROPRIATE, TO INSTITUTE SUIT AND/OR LEGAL ACTION TO RECOVER YOUR DEBT.

## AAA Credit Service

520 N. Brookhurst, #204  Anaheim, CA 92801

Please make your payment payable to AAA Credit Service.

**BY:**    **Pam Hart**
           **Office Manager   (714) 956-1100**

Federal law requires that we inform you that this is an attempt to collect a debt.  Any information
obtained will be used for that purpose.

If necessary we will retain legal council in your state so that the appropriate legal action can be taken.

# Exhibit E

# AAA CREDIT SERVICE

520 N. Brookhurst, #204
Anaheim, CA 92801
(714) 956-7173

TIMOTHY FEULNER
NURIA PEREZ
4117 S HATCH ST
SPOKANE, WA 99203

Date:        August 17, 2010
Re:          Intouch Wireless Inc
Account #:   2010-05-001048
Amount:      $846.67

Dear TIMOTHY FEULNER:

This letter is a guarantee that this debt on the above referenced account has not been reported against your credit and will not be reported if paid by 8/24/2010, before 4:00 pm. in the amount of $699.00.

Interest continues to accrue until the account is satisfied. The above balance due includes interest as of the date of this letter.

Sincerely,

Pam Hart
Office Manager    (714) 956-1100

Federal law requires that we inform you that this is an attempt to collect a debt. Any information obtained will be used for that purpose.