Timothy J. Feulner

4117 S. Hatch

Spokane, WA 99203

509-209-7928

Honorable Lonny R. Suko

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Timothy J. Feulner, | ) Case Number: |
| | ) |
| Plaintiff | ) CV-10-0266-LRS |
| | ) |
| vs. | ) PLAINTIFF'S FIRST AMENDED |
| | ) COMPLAINT |
| AAA Credit Service Collection | ) |
| | ) |
| Agency, Inc., Pam Hart, Andrew | ) PLAINTIFF DEMANDS TRIAL BY |
| | ) JURY |
| Gomez, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff Timothy Feulner, acting *pro se*, brings this amended complaint

pursuant to Fed. R. Civ. P. 15(a)(1)(B) against the above-named

Defendants, and alleges the following:

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

1

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

## I.    __Introduction__

1.      Plaintiff brings this action seeking declaratory relief and damages under the Fair Debt Collection Practices Act, the Washington State Consumer Protection Act, and the common law of Washington.

## II.    __Subject Matter Jurisdiction__

2.      This is a civil action arising under the Fair Debt Collection Practices Act.  The District Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      The District Court has supplemental jurisdiction over Plaintiff's Washington State law claims pursuant to 28 U.S.C. § 1367 because the claims arise out of the same operative facts, as subsequently alleged.

## III.    __Venue__

4.      This District Court has venue under 28 U.S.C. § 1391 because a substantial amount of the events giving rise to Plaintiff's claims took place in Spokane County, Washington.

## IV.   **The Parties**

5.      Defendant, AAA Credit Service Collection Agency, Inc. (hereinafter AAA), is a corporation incorporated under the laws of California with its principal place of business in California.

6.      AAA is a corporation whose primary purpose is to collect debts, and AAA uses methods of communication, including but not limited to telecommunications and the mails, to conduct its business across state lines.

7.      Defendant Pam Hart is the Office Manager of AAA.  As AAA's office manager, Ms. Hart uses interstate methods of communication, including but not limited to telecommunications and the mails, to collect and attempt to collect debts that are allegedly owed to other persons or organizations.

8.      Andrew Gomez[1] is an employee of AAA.  As an employee of AAA, Mr. Gomez uses interstate methods of communication, including but not limited to

---

[1]   Andrew Gomez was named as an original Defendant in this action.  Plaintiff has attempted to get Mr. Gomez to waive service and has also attempted to serve Mr. Gomez.  These attempts have been unsuccessful.  An employee of AAA told the process server that Mr. Gomez currently works for AAA at "another job site" but refused to provide the address.  Plaintiff's attempts to locate this "other" location have been unsuccessful to this date.

PLAINTIFF'S FIRST AMENDED
COMPLAINT                                    3
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

1    telecommunications and the mails, to collect and attempt to collect debts that are

2    allegedly owed to other persons or organizations.

3        9.    Plaintiff is a legal resident of Washington State and is a consumer as

4    defined by 15 U.S.C. § 1692a.

5

6                        **V.    General Allegations**

7        10.    Around May 23, 2010, an individual identifying herself as an

8    employee of AAA called Plaintiff's permanent residence in Spokane, Washington.

9        11.    On May 25, 2010, Defendant Pam Hart sent a letter to Plaintiff's

10   permanent residence in Spokane, Washington, claiming that an account from

11   "Intouch Wireless" had been assigned for immediate collection.  This letter was

12   addressed to "Timothy Feulner" and "Nuria Perez" at "4117 S. Hatch St; Spokane,

13   WA 99203."  A copy of the letter from AAA dated May 25, 2010, is attached,

14   marked Exhibit A, and incorporated by reference.

15       12.    Attached to this letter was a contract that was allegedly from "Intouch

16   Wireless" and which allegedly bore Plaintiff's signature along with the signature of

17   "Nuria Perez."  A copy of the document that Plaintiff received around May 25,

18   2010, is attached, marked Exhibit B, and incorporated by reference.

19       13.    Plaintiff had never seen a copy of this contract until he received this

20   copy in the mail with the letter dated May 25, 2010.  The signature on this

PLAINTIFF'S FIRST AMENDED
COMPLAINT                            4        Timothy Feulner
CV-10-0266-LRS                                4117 S. Hatch
                                              Spokane, WA 99203

1   document is not the Plaintiff's signature.  Plaintiff has never had a wireless phone

2   contract with "Intouch Wireless" or T-Mobile.

3       14.    The contract contained no date or any indication of the place in which

4   the contract was allegedly signed.  The contract did not contain any other

5   identifying information for either "Nuria Perez" or "Timothy Feulner" except for

6   Nuria Perez's credit card information.

7       15.    Defendants tried to intimidate Plaintiff into paying this debt even

8   though Defendants knew that Plaintiff was not legally responsible for this debt.

9       16.    Plaintiff has never known a "Nuria Perez."  Plaintiff's parents have

10  lived at 4117 S. Hatch St., Spokane, Washington 99203 since 1979.  From 1979 to

11  2010, no individual named Nuria Perez has resided even on a temporary basis at

12  4117 S. Hatch St., Spokane, Washington 99203.  To the best of Plaintiff's

13  knowledge, no "Nuria Perez" has ever entered the house at 4117 S. Hatch St.,

14  Spokane, Washington 99203.

15      17.    Because the contract was not dated, Plaintiff has no way to determine

16  in which city Plaintiff resided at the time that this document was signed.

17      18.    Because the contract does not have a location, Plaintiff has no way to

18  determine in which city the document was signed.

19      19.    AAA failed to provide this information knowing that the alleged debt

20  was not Plaintiff's and that their failure to provide such information would make it

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

5

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

1  almost impossible for Plaintiff to dispute the debt.  Such failure demonstrates

2  AAA's complete lack of good faith in attempting to collect this debt.

3      20.    The contract does state that the two individuals who signed the

4  contract were issued phone numbers with the area code "415."  The area code 415

5  is the telephonic area code for San Francisco, California.  If the contract was

6  signed in San Francisco, California, Plaintiff was unlikely to have been physically

7  present in California at the time of the contract because Plaintiff has not entered

8  the state of California from May 2008 until the filing of this action.

9      21.    From May 2008 to August 2009, Plaintiff resided and worked in

10  Spokane, Washington.  From August 2009-May 2010, Plaintiff resided in

11  Washington, D.C., while attending Georgetown Law School.  From May 2010

12  until the filing of this action, Plaintiff resided and worked in Spokane, Washington.

13      22.    After receiving the letter dated May 25, 2010, Plaintiff attempted to

14  notify AAA that Plaintiff was not the person responsible for the debt.  Plaintiff was

15  told that Defendant Pam Hart was the only person that could help him and that

16  Pam Hart could contact him via email.  As a result of this statement, Plaintiff gave

17  AAA his personal email address.

18      23.    On June 2, 2010, Plaintiff received a fraud package from a person

19  identifying herself as Pam Hart.  This "fraud package" requested, among other

20  things, Plaintiff's social security number.  By sending the fraud package Ms. Hart

1    implied that Plaintiff was under an obligation to verify the debt even though

2    Ms. Hart knew that it was AAA's obligation to verify the debt.

3            24.    On June 2, 2010, Plaintiff responded to Pam Hart's email by saying

4    that he disputed the validity of the debt pursuant to section 803(a)(4) of the Fair

5    Debt Collections Practices Act, which has been codified as 15 U.S.C. § 1692g.

6    Plaintiff also notified Pam Hart that he had not been physically in California since

7    at least 2008.  Finally, Plaintiff requested that Defendants cease communicating

8    with him in pursuant to section 805(c) of the Fair Debt Collection Practices Act,

9    which has been codified as 15 U.S.C. § 1692c(c).

10            25.    After Plaintiff notified AAA that he disputed the validity of the debt,

11   Defendants did not cease collection of the debt, obtain a copy of a verification of

12   the debt, or obtain a copy of a judgment concerning the debt as required by the Fair

13   Debt Collection Practices Act.  *See* 15 U.S.C. § 1692g(b) (2006).

14            26.    On June 3, 2010, Plaintiff placed a fraud alert on his credit report as a

15   direct result of Defendants' false statements about this debt.  This credit alert,

16   which was a direct and foreseeable result of Defendants' misrepresentations, has

17   caused Plaintiff significant and needless inconvenience and embarrassment,

18   including Plaintiff having to explain the fraud alert to a potential landlord, a cable

19   company, and other individuals.  This landlord later refused to lease the residence

20

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

1  to the Plaintiff and the other potential lessees citing concerns about Plaintiff's

2  credit situation as one reason for not renting the residence.

3      27.    On June 25, 2010, Plaintiff received a letter from AAA notifying him

4  that if he did not pay his account by June 29, 2010, that AAA would report him to

5  a credit reporting agency and that this would "go against his credit." A copy of the

6  letter from AAA dated June 22, 2010, is attached, marked Exhibit C, and

7  incorporated by reference.

8      28.    On June 25, 2010, Plaintiff attempted to contact AAA again.  Plaintiff

9  spoke to Andrew Gomez.  At the beginning of the conversation, Plaintiff was

10 informed by Mr. Gomez that the conversation would be recorded for purposes of

11 "quality control."  Plaintiff reiterated to Mr. Gomez that he was not responsible for

12 this loan and had not been in California since at least 2008.  Mr. Gomez claimed

13 that he knew that Plaintiff had signed the contract because the individual had used

14 Plaintiff's license when buying the phone.

15     29.    Mr. Gomez then asked Plaintiff a series of questions including if

16 Plaintiff had ever lost his driver's license.  Plaintiff told Mr. Gomez that to the best

17 of Plaintiff's knowledge he had never lost his driver's license because Plaintiff

18 believed at the time and still believes that he has never lost his driver's license.

19 Mr. Gomez responded by telling Plaintiff that AAA now had an audio recording of

20

PLAINTIFF'S FIRST AMENDED
COMPLAINT                              8          Timothy Feulner
CV-10-0266-LRS                                    4117 S. Hatch
                                                  Spokane, WA 99203

1    Plaintiff admitting that he had never lost his license, and Mr. Gomez indicated that

2    this recording gave AAA proof that Plaintiff was responsible for this debt.

3      30. Mr. Gomez's statement that Plaintiff's statements provided AAA with

4    definitive proof that the debt was the Plaintiff's was false and misleading.

5    Mr. Gomez's statements and the use of recording a phone conversation in an

6    attempt to intimidate Plaintiff to pay a debt that Plaintiff was not responsible for

7    was an unconscionable and unfair means of collecting a debt.

8      31. Mr. Gomez's continued reference to AAA having Plaintiff's driver's

9    license without providing such proof and knowing that Plaintiff had no way to

10    verify such a claim was an unconscionable and unfair means of collecting a debt.

11      32. This conversation caused Plaintiff to suffer immediate emotional

12    distress because of the prospect that AAA's threatened actions would affect his

13    ability to obtain loans for his law school.  Plaintiff has continued to suffer

14    emotional distress and has had to devote over four months trying to deal with

15    Defendants' completely baseless threats and attempts to collect on a debt that

16    Defendants know is not Plaintiff's debt.

17      33. Defendants intentional and malicious attempts to collect on a debt that

18    they knew was not the Plaintiff's were calculated to waste Plaintiff's time and

19    energy thereby making Plaintiff more likely to give into their intimidation and

20    harassment and pay the debt just so the Defendants would leave him alone.

PLAINTIFF'S FIRST AMENDED
COMPLAINT     9
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

1  Defendants' actions represent a widespread, illegal collection agency practice

2  intended to make consumers pay debts that are not theirs rather than spend the time

3  and energy disputing the debt.

4       34.    Plaintiff has also attempted to contact the original creditor Intouch

5  Wireless.  Intouch Wireless did not return Plaintiff's phone calls.  Intouch Wireless

6  failed to return Plaintiff's phone calls as a direct result of AAA's practice to

7  instruct creditors to ignore calls from the consumers.

8       35.    On June 25, 2010, Plaintiff filed a police report with the Spokane

9  County Police Department indicating that Plaintiff believed he had been a victim

10  of identity theft.  Plaintiff's report was assigned police report # 10203586.

11       36.    On June 25, 2010, Plaintiff filed a report with the Federal Trade

12  Commission indicating that a credit collection agency was attempting to collect on

13  a loan that the collection agency knew was not his and that Plaintiff had asked the

14  collection agency to stop contacting him.  Plaintiff's report was assigned

15  # 26851917.

16       37.    On June 25, 2010, Plaintiff sent an email to the Washington State

17  Department of Licensing requesting assistance because Plaintiff believed that

18  someone had fraudulently obtained his driver's license information.

19

20

PLAINTIFF'S FIRST AMENDED
COMPLAINT          10
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

38.     On June 29, 2010, Plaintiff spoke to Sue Clovis, an Investigator for the Washington State Department of Licensing.  Ms. Clovis informed Plaintiff that there had been no fraudulent activity or suspicious activity on Plaintiff's license.

39.     On July 6, 2010, Plaintiff requested a credit report from Experian. The credit report indicated that AAA had not reported the alleged outstanding loan to the credit reporting agency.  Defendants' statements that they were going to report the debt to a credit reporting agency on June 29, 2010, unless Plaintiff paid the debt were knowingly false.  These statements were an unfair and unconscionable attempt to collect a debt.

40.     On July 28, 2010, Susan Feulner took a call from Pam Hart requesting that Plaintiff contact her immediately.  Pam Hart attempted to contact Plaintiff on July 28, 2010, despite Plaintiff's request that AAA stop contacting him.

41.     On August 17, 2010, Pam Hart left a message on an answering machine at Plaintiff's permanent residence requesting that Plaintiff contact her immediately.  Pam Hart attempted to contact Plaintiff on August 17, 2010, despite Plaintiff's request that AAA stop contacting him.

42.     On August 17, 2010, Pam Hart sent Plaintiff three emails each with one attachment.  One email's attachment indicated that if Plaintiff did not pay the debt immediately AAA would authorize their attorney to "institute suit and/or legal action to recover your debt."  The second email's attachment asked for information

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

11

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

1    including Plaintiff's social security number to determine the fraud status of the

2    account.  The third email's attachment indicated that the debt had not been

3    reported to a credit agency but would be reported if not paid on August 24, 2010.

4    A copy of the email attachment dated August 17, 2010, threatening to report the

5    debt to a credit reporting agency is attached, marked Exhibit D, and incorporated

6    by reference.  A copy of the email attachment dated August 17, 2010, threatening

7    to refer the matter to AAA's attorney is attached, marked Exhibit E, and

8    incorporated by reference.[2]

### First Cause of Action

10   Failure to Cease Communications (15 U.S.C. § 1692c)

11   43.    Plaintiff restates and reincorporates by reference each and every

12   allegation stated in paragraphs 1-42 above.

13   44.    Defendants continued to communicate and attempt to communicate

14   with Plaintiff through phone calls, letters, and emails after Plaintiff requested that

15   Defendants cease communication on June 2, 2010.

16

17   [2]  Even after the initiation of the present action, Defendants have still attempted to

18   collect this debt from the Plaintiff.  On November 4, 2010, despite having been

19   notified of the present action, Defendant Hart called Plaintiff's permanent

20   residence attempting to collect this debt.

PLAINTIFF'S FIRST AMENDED
COMPLAINT                          12        Timothy Feulner
CV-10-0266-LRS                               4117 S. Hatch
                                             Spokane, WA 99203

45.    Defendants communications were not attempts to notify him that AAA were invoking a specific remedy or ceasing collection actions.

46.    Even if any of AAA's communications after June 2, 2010, can be construed as attempts to notify him that AAA was invoking a specific remedy, they were false representations because AAA never pursued or intended to pursue such threatened remedies.

47.    Even if any of the communications after June 2, 2010, can be interpreted as notification of AAA's intention to invoke specific remedy, AAA is only entitled to one such communication.

48.    Defendants' actions were not undertaken in good faith and violated 15 U.S.C. § 1692c(c).

## Second Cause of Action

Harassment and abuse (15 U.S.C. § 1692d)

49.    Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-48 above.

50.    Defendants' repeated calls and multiple notices that they were notifying credit reporting agencies were intended to harass Plaintiff, especially in light of Defendants' knowledge that Plaintiff was not legally responsible for this debt.

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

13

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

51.    Defendants' actions were not undertaken in good faith and violated
15 U.S.C. § 1692d.

### Third Cause of Action

False and Misleading Representations (15 U.S.C. § 1692e)

52.    Plaintiff restates and reincorporates by reference each and every
allegation stated in paragraphs 1-51 above.

53.    Defendants' failure to provide Plaintiff with a contract that contained
a date or a location was an attempt to get Plaintiff to pay for a debt that was not
legally enforceable and for which Defendants knew Plaintiff was not legally
responsible.

54.    Defendants' assertion that Plaintiff used his driver's license when
signing the alleged contract and that the Defendants had a copy of Plaintiff's
driver's license was a false and misleading representation.

55.    Mr. Gomez's assertion that AAA could use a recording of Plaintiff's
statements that Plaintiff did not believe he had lost his driver's license as  proof
that Plaintiff was legally responsible for the debt was a false and misleading
attempt to collect a debt.

56.    Defendants' assertions on June 22, 2010, and August 17, 2010, that
they were reporting Plaintiff's debt to a credit reporting agency and were referring

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

14

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

the matter to their lawyer were false and misleading because the Defendants had no intention of taking such actions.

57.    Defendants' actions were not undertaken in good faith and violated 15 U.S.C. § 1692e.

## **Fourth Cause of Action**

Unconscionable Practices (15 U.S.C. § 1692f)

58.    Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-57 above.

59.    Defendants intentionally provided Plaintiff with a notification of the debt that did not include the date that the debt was incurred or the location for the alleged contract.  Defendants did this knowing that such notification would prevent Plaintiff from being able to adequately dispute the debt and intending to get Plaintiff to pay for a debt that Defendants knew was not Plaintiff's debt.  This intentional omission was an unconscionable and unfair practice used in an attempt to collect a debt.

60.    Mr. Gomez's assertion that Plaintiff's statements on a recorded telephone call provided AAA with definitive proof that Plaintiff was legally responsible for the debt was an unfair and unconscionable practice used in an attempt to collect a debt.

61.     Mr. Gomez's repeated reference to the fact that Plaintiff's driver's license had been used by the person signing the contract without providing Plaintiff with any proof and knowing that Plaintiff had no way to verify Mr. Gomez's claim was an unfair and unconscionable practice used in an attempt to collect a debt.

62.     Defendants actions were not undertaken in good faith and violated 15 U.S.C. § 1692f.

## Fifth Cause of Action

### Failure to validate debt (15 U.S.C. § 1692g)

63.     Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-62 above.

64.     Defendants as debt collectors are obligated to verify a debt or obtain a copy of a judgment related to the debt upon written notice from the consumer that the debt is disputed, and Defendants must provide a copy of such verification or judgment before attempting to contact the consumer again.

65.     Plaintiff gave Defendants written notice on June 2, 2010, that he disputed the validity of the debt.

PLAINTIFF'S FIRST AMENDED
COMPLAINT                                    16
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

66.    Defendants have never provided verification or a judgment of the debt and have continued to contact Plaintiff despite their failure to provide such verification.

67.    Defendants actions were not undertaken in good faith and violated 15 U.S.C. § 1692g.

### Seventh Cause of Action

Unfair and Deceptive Trade Practices (Wash. Rev. Code § 19.86)

68.    Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-67 above.

69.    Washington State law requires all persons acting as collection agencies to obtain a license from the Washington State Director of Licensing.  This requirement applies equally to out-of-state collection agencies. Wash. Rev. Code § 19.16.110

70.    Defendants, as persons whose activities within this state are limited to collecting debts from debtors located in this state by means of interstate communications, are out-of-state collection agencies under Washington State law. Wash. Rev. Code § 19.16.100.

71.    Defendants are not licensed in Washington State to collect debts.

PLAINTIFF'S FIRST AMENDED
COMPLAINT                          17
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

72.     Washington State law requires a collection agency to provide the consumer with an itemization of the claim allegedly owed by the consumer on its initial notice.  Wash. Rev. Code § 19.16.250.

73.     Defendants' initial communication did not contain the full itemized breakdown of the amount being collected that is required by Washington State law.

74.     Washington State law forbids a debt collector from threatening the impairment of the consumer's credit rating if a claim is not paid.  Wash. Rev. Code § 19.16.250.

75.     Washington State law forbids a debt collector from communicating with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor.  Wash. Rev. Code § 19.16.250.

76.     AAA's attempts to collect a debt which AAA knew the Plaintiff was not legally obligated to pay were attempts to threaten, harass, and intimidate the Plaintiff.

77.     AAA's letters dated June 22, 2010, and August 17, 2010, threatened Plaintiff with impairment of his credit rating despite the fact that AAA never intended to take the threatened action because AAA knew that Plaintiff was not legally responsible for this debt

78.     Washington State law forbids a debt collector from threatening the take action which cannot be legally taken.  Wash. Rev. Code § 19.16.250.

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

18

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

79.    Defendants repeated threats to collect on a debt that they knew was not legally enforceable against Plaintiff were threats to take actions which they could not legally take.

80.    Violations of the aforementioned Washington State laws are unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Washington State Consumer Protection Act.  Wash. Rev. Code § 19.16.440.

### Eighth Cause of Action

Invasion of Privacy

81.    Plaintiff restates and reincorporates by reference each and every allegation stated in paragraphs 1-80 above.

82.    Defendants intentionally intruded on Plaintiff's solitude and seclusion in violation of Washington State law.  *See Mark v. Seattle Times*, 96 Wash. 2d 473, 497 (1981).

83.    Defendants invaded Plaintiff's solitude by sending him letters, calling him, and speaking to him via telecommunications.  In the course of these conversations, Defendants both implied and specifically stated that Plaintiff was a liar and was in default of his financial obligations.

PLAINTIFF'S FIRST AMENDED
COMPLAINT                                    19
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

84.    A reasonable person would find such repeated accusations to be highly offensive.

## VI.    <u>Damages</u>

85.    Plaintiff requests $5,000 in compensatory damages from Defendants to compensate for any emotional trauma, time wasted dealing with Defendants' frivolous accusations, embarrassment resulting from Plaintiff having to place a fraud alert on his credit, and other potential future effects on Plaintiff's credit that Defendants' actions have caused.

86.    Plaintiff requests that any compensatory damages be trebled according to Washington State law.  Wash. Rev. Code § 19.86.090.

87.    Plaintiff requests $5,000 in presumed damages for Defendant's invasion of his privacy.

88.    Plaintiff requests $1,000 in statutory damages under 15 U.S.C. § 1692k from each Defendant.

89.    Plaintiff requests $5,000 in punitive damages from Defendant Pam Hart.

90.    In light of the egregiousness of Defendants' conduct, Plaintiff requests $75,000 in punitive damages from Defendant AAA Credit Service Collection Agency, Inc.

PLAINTIFF'S FIRST AMENDED
COMPLAINT
CV-10-0266-LRS

20

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203

91.    Plaintiff requests a declaratory judgment stating that the Plaintiff is not legally responsible for this debt and barring AAA from collecting debts in Washington State until they comply with the Washington State licensing requirement.

92.    Plaintiff requests his legal costs including his filing fee and other reasonable legal costs.

93.    Plaintiff requests any other relief that the Court determines is equitable and just.

## VII.   <u>Demand for a Jury Trial</u>

Plaintiff demands a jury trial.

RESPECTFULLY SUBMITTED this 3rd day of January 2011.

<u>s/ Timothy Feulner</u>
Timothy Feulner
Plaintiff
4117 S. Hatch
Spokane, Washington 99203
Telephone: 509-209-7928
Email: tjf47@law.georgetown.edu

## __Certificate of Service__

I hereby certify that on January 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Thomas J. Miller.

s/ Timothy Feulner
Timothy Feulner
Plaintiff
4117 S. Hatch
Spokane, Washington 99203
Telephone: 509-209-7928
Email: tjf47@law.georgetown.edu

PLAINTIFF'S FIRST AMENDED
COMPLAINT                                        22
CV-10-0266-LRS

Timothy Feulner
4117 S. Hatch
Spokane, WA 99203